## SHALER & HALL QUARRY CO. a. BREWSTER.

*New York Common Pleas; General Term, May,* 1860.

CAUSE OF ACTION.—PERSONAL LIABILITY OF TRUSTEES OF COR-
PORATION.

Under section 12 of the act of 1848—to authorize the formation of corporations for manufacturing, &c., purposes—a trustee who is elected as such, subsequent to the neglect of the corporation to file the report required, is not thereby rendered liable for a debt previously contracted. *So held,* where the corporation subsequently to his election, and before any report was filed, gave their acceptances to the creditor, and the action was brought on such acceptances.

Appeal from an order sustaining demurrer to complaint.

This was an action to recover from the defendant who was a trustee of the Hudson River Stone-Dressing Company, a corporation formed under the general act of 1848, the amount of several bills of exchange accepted by the company. The complaint alleged that on the 18th of April, 1854, the defendant was duly elected a trustee of the Hudson River Stone-Dressing Company, and then accepted the office, and continued therein for more than six months thereafter. That on or about April 12, 1854,

the plaintiff sold goods to the company, and received therefor its acceptances of plaintiff's bills, dated on the 20th and 27th days of April, and payable three months from date. It also alleged that the company did not within twenty days from the first day of January, 1854, make a report stating the amount of its capital, and of the proportion of the same actually paid in, and the amount of the existing debts of said company at the period last aforesaid; nor did said company cause any such report to be signed by its president and a majority of its trustees, nor to be verified by the oath of its president, nor to be filed in the office of the city and county of New York, nor to be published in any newspaper printed and published in the city and county aforesaid; and the said trustees, and also said company, wholly neglected and refused, during said period, to cause any such report to be made, signed, verified, filed, printed, and published in conformity with the provisions of section 12 of said act; and its trustees at all times thereafter, until the 31st day of July, 1854, neglected and refused to comply with the provisions thereof.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

At special term the demurrer was sustained by Judge Hilton, and the plaintiffs now appealed.

*H. & C. S. Andrews,* for the appellants, cited 1 *Kent's Com.,* 468, *b* 462; 1 *Swift's Dig.,* 12; Freeland *a.* McCullough (1 *Den.,* 421); Sickles *a.* Sharp (13 *Johns.,* 497); Spear *a.* Crawford (14 *Wend.,* 20); Tallmadge *a.* Fishkill Iron Company (4 *Barb.,* 382); Worrall *a.* Judson (5 *Ib.,* 210); *Ex-parte* Van Riper (20 *Wend.,* 614); McCullough *a.* Moss (5 *Den.,* 567); Curtis *a.* Harlow (12 *Metc.,* 3).

*John E. Burrill,* for the respondent.—I. Even if the defendant is legally responsible, the complaint is defective in charging an omission to report the amount of debts existing January, 1, 1854. The statute contemplates the amount existing at the time of making the report. If the company were not bound to file such a report as is described in the complaint, all the other charges as to the filing are defective. The allegation is that it

was not filed and published in the county of New York; but there is nothing to show that it ought to have been filed *there*, rather than in any other county. The allegation that the report was not made, signed, filed, &c., is not an allegation that it was not *made*.

II. The debt was contracted before defendant became a trustee. The debt was contracted when the goods were sold; the bills were but evidence of the debt. (1 *Den.* 414; 2 *Hill*, 265.)

III. The trustees who are liable under the statute, are those who were in office when the report should have been filed, and by whose dereliction it was omitted.

BRADY, J.—The debt sought to be enforced in this case was contracted on the 12th day of April, 1854. The defendant was elected a trustee of the Hudson River Stone-Dressing Company on the 18th of April, 1854. The liability of the defendant to pay the debt mentioned, is predicated of the failure of that company to make and file within twenty days from the 1st January, 1854, or at any time thereafter until the 31st of July, 1854, the report required to be made and filed by the provisions of section 12 of the act entitled "An act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes," passed February 17, 1848, and under which act the Hudson River Stone-Dressing Company was formed. Section 12, referred to, provides that such company shall annually within twenty days from the 1st day of January, make a report, which shall state the amount of capital, and of the proportion actually paid in, and the amount of its existing debts, and be signed by the president and a majority of the trustees, and be verified by the president or secretary, and filed in the office of the clerk of the county where the business of the company shall be carried on. It also provides that if any company shall fail to make such a report, all the trustees of the company shall be liable jointly and severally for the debts of the company *then existing*, and for all that shall be contracted before such report shall be made. The first question presented on the facts herein is, whether the defendant is liable for a debt contracted before he became a trustee, under and by virtue of any thing contained in the section mentioned. The trustees, whoever they were on the

21st January, 1854, became liable, jointly and severally for all debts existing at that time against the company, and they continued to be liable for all debts contracted before the report was made. Whoever the trustees were on the 13th April, 1854, they became liable to the plaintiffs for their debt, because it was contracted on the 12th April, 1854, and no report was filed on the 13th April, which was the day following. *Expressio unius est exclusio alterius.* The defendant did not become a trustee until the 18th April, 1854, at which time the plaintiffs' rights were fixed and determined, and the liability of the persons contemplated by the statute settled. It is very clear that as to the debts of the company existing on the 21st January, the creditors had on that day a right of action against the trustees then existing, and it is apparent that the penalty of a continued omission to make the report was designed to attach to such trustees. The language of the statute is, " all the trustees of the company shall be liable for the debts of the company *then existing*, and for all that shall be contracted before such report shall be made." The report itself refers to the affairs of the company within twenty days from the 1st January, and the duty of making it did not devolve upon the defendant. He was not a trustee when that duty commenced. If the company had failed to file a report in 1855, the defendant being then a trustee, his liability would have been created. The Court of Appeals have said (Garrison *a.* Howe, 17 *N. Y. R.*, 466), " The provision making trustees liable is highly penal, and the rules of law do not permit us to extend it by construction to cases not fairly within the language." I think this case not fairly within the language of section 12, and that the judgment of the special term should be affirmed.

DALY, F. J., and HILTON, J., concurred.

Judgment affirmed.